# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Peyton Tianna Dalley,<br><br>Debtor. | Bankruptcy Case<br>No. 18-41165-JMM |

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING

TO:   KAMERON M. YOUNGBLOOD

**YOU ARE HEREBY NOTIFIED THAT** on **June 4, 2019,** at **9:00 a.m.** at the United States Courthouse, 801 East Sherman St., Pocatello, Idaho, the Court will conduct a hearing to address issues concerning your conduct in the representation of the above named debtor, Peyton Tianna Dalley, as well as the following bankruptcy cases:[1]

| | |
|---|---|
| 18-40191 | *Allred* |
| 18-40270 | *Kohler* |
| 18-40286 | *Tremelling* |
| 18-40309 | *Deforest* |
| 18-40287 | *Plank* |
| 18-40346 | *Alatorre* |
| 18-40355 | *Hairston* |
| 18-40405 | *Bales* |
| 18-40425 | *Estrada* |
| 18-40436 | *Marley* |
| 18-40437 | *Jackson* |

---

[1] This list represents chapter 7 cases Mr. Youngblood filed between January 1, 2018 and April 1, 2019, in which a Notice of Conditional Dismissal for failure to remit filing fees was filed on the docket. There are again as many for which a Notice of Conditional Dismissal has not yet been filed, but are ripe for such.

| | | | | |
|---|---|---|---|---|
| 18-40370 | *Kaiser* | | 18-40971 | *Blackburn* |
| 18-40380 | *Tyler* | | 18-40980 | *Williams* |
| 18-40372 | *Shell* | | 18-40916 | *Braithwaite* |
| 18-40382 | *Waterhouse* | | 18-40987 | *Anderson* |
| 18-40392 | *Dean* | | 18-40991 | *Panfil* |
| 18-40452 | *Anderson* | | 18-41056 | *Green* |
| 18-40535 | *Flores* | | 18-41057 | *Zemp* |
| 18-40556 | *Ferguson* | | 18-41055 | *Guinn* |
| 18-40481 | *Cabrito* | | 18-41105 | *Vasquez* |
| 18-40491 | *Bales* | | 18-41125 | *Delatorre* |
| 18-40495 | *Moore* | | 18-40998 | *Nelson* |
| 18-40586 | *Schwindt* | | 18-41059 | *Saunders* |
| 18-40588 | *Russell* | | 18-41069 | *Dale* |
| 18-40644 | *Lord* | | 18-41078 | *Hansen* |
| 18-40671 | *Hess* | | 18-41118 | *Baxter* |
| 18-40685 | *Dawson* | | 18-41166 | *Burbie* |
| 18-40715 | *Ferrie* | | 18-41187 | *Haddon* |
| 18-40727 | *Hainline* | | 18-40014 | *Reader* |
| 18-40777 | *Conley* | | 19-40154 | *Miller* |
| 18-40724 | *Ramirez* | | | |
| 18-40733 | *Garza* | | | |
| 18-40753 | *Martin* | | | |
| 18-40788 | *Shirley* | | | |
| 18-40797 | *Powers* | | | |
| 18-40817 | *Elbie* | | | |
| 18-40835 | *Smuin* | | | |
| 18-40879 | *Petrus* | | | |
| 18-40843 | *Purtell* | | | |
| 18-40854 | *Gorbutt* | | | |
| 18-40856 | *Wells* | | | |
| 18-40886 | *Christensen* | | | |
| 18-40893 | *Jackman* | | | |
| 18-40927 | *Gonzalez* | | | |
| 18-40930 | *Ossmen* | | | |
| 18-40951 | *Burns* | | | |

At the hearing, the Court intends to consider your conduct in the representation of your clients in connection with their bankruptcy cases, and whether you should be subject to appropriate sanctions. Specifically, at the hearing, the Court will inquire about, and you are instructed to be prepared to address, each of the following:

1. The reasons and justifications, if any, for the vast majority of your cases utilizing an application to pay the filing fee in installments;

2. The failure, in nearly all of the installment fee cases you filed in the last fifteen months, to comply with the payment schedule included in the Order granting the application to pay the filing fee in installments;

3. The failure, in the majority of the installment fee cases you filed in the last fifteen months, to remit any of the filing fee absent the service of a "Notice of Conditional Dismissal" from the Court;

4. The reasons and justifications, if any, for violation of Rule 1006(b)(3), which requires that all installments of the filing fee must be paid in full before the debtor may make further payments to an attorney.

5. The reasons and justifications, if any, for the fact that the wet signatures in *In re Reader*, 18-40014, Dkt. No. 22, are dated January 31, 2018, when the case was filed on January 8, 2017.

6. The reasons and justifications, if any, for the fact that in *In re Miller*, 19-40154, the wet signature filing in Dkt. No. 7 does not match what is purportedly the same page in Dkt. 1, page 6.

7. Based upon the evidence found in the various dockets, it appears to The Court that you may have violated Rule 1006(b)(3), and L.B.R. 5003.1(g) which requires electronic filings to be consistent with ECF Procedures established by the Court. You are instructed to be prepared to show how your actions did not violate these Rules and procedures. The ECF procedures provide, in ¶ 13A:

> A Registered Participant filing a Verified Pleading electronically shall insure the electronic version conforms to the original, signed pleading/document. Each signature on the original, signed leading/document shall be indicated on the electronically filed Verified Pleading with the typed name on the signature line of the person purported to have signed the pleading/document. The

ORDER−3

        electronic filing of a Verified Pleading constitutes a representation by the Registered Participant that he or she has the original, signed document in his or her possession at the time of filing.

8. You should also be prepared to discuss why any violations of these Rules and procedures do not give the Court cause to sanction you.

Now, therefore, based upon the Court's powers, including those granted under 11 U.S.C. §§ 105(a) and Fed. R. Bankr. P. 9011, as well as the Court's inherent powers, for good cause shown, **YOU ARE HEREBY ORDERED** to personally appear at such hearing and to **SHOW CAUSE** why you should not be subject to the imposition of sanctions for your conduct. The Chapter 7 Trustee(s), and the Assistant U.S. Trustee, may also file written submissions and appear and participate at such hearing.

If you choose, you may appear at the hearing with counsel. At the hearing, you may be subject to examination under oath by the Court, Assistant U.S. Trustee, Chapter 7 Trustee, or other interested parties. Unless subpoenaed to appear, the Debtors in the cases listed above are not required to appear personally at such hearing. They may, of course, appear voluntarily if they so choose.

Based upon the results of the hearing, the Court may, if it deems it appropriate in the exercise of its discretion, and as allowed by statute, rule or law, order that you be sanctioned for your conduct. The Court is considering the following as possible sanctions: that any fees paid to you by any of the debtors in the above-listed cases be ordered disgorged; that additional monetary sanctions be imposed against you; that your privileges as a member of the Bar of this Court to practice law before this Court or this

ORDER−4

judge be suspended or revoked; and that this matter be referred to the Idaho State Bar Association for such further or other disciplinary proceedings as may be appropriate.

Your failure to comply with any term of this Order may constitute, and may be punishable as, a contempt of this Court.

DATED: May 7, 2019

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

ORDER−5